IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL MARTIN WALTON, Petitioner, | : | |
| | : | 3:19-cv-1016 |
| v. | : | |
| | : | Hon. John E. Jones III |
| WARDEN EBBERT, Respondent. | : | |

**MEMORANDUM**[1]

**July 21, 2020**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) accompanied by a "motion for time credited pretrial/not received at sentencing" (Doc. 3), filed by Petitioner Jamal Martin Walton ("Walton"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Walton seeks a nineteen-month credit pursuant to 18 U.S.C. § 3582(c)(2) for time served in state custody. (Docs. 1, 3).

The petition is ripe for disposition and, for the reasons that follow, will be denied.

## I. BACKGROUND

Following his September 29, 2011, guilty plea to Count 1, conspiracy to use a firearm during a crime of violence, and Count 3, carjacking, of a superseding

[1] This matter has been transferred to the undersigned due to the death of the Honorable James M. Munley.

indictment filed in United States District Court for the Eastern District of Louisiana Criminal Case No. 2:09-cr-0157, Walton received concurrent sentences of 240 months' imprisonment on Count 1 and 480 months' imprisonment on Count 3, on March 29, 2012. (Doc. 6-2, pp. 9-14). He appealed his sentence to the Fifth Circuit Court of Appeals; the Fifth Circuit affirmed the sentence on July 26, 2013. (Doc. 6, pp. 15-20, *United States v. Walton*, 537 F. App'x 430 (5th Cir. 2013).). The Supreme Court denied certiorari on December 2, 2013. (*Id.* at 21; *Walton v. United States*, 531 U.S. 1083 (2013).).

On November 30, 2014, Walton filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*Id.* at 22-54). The district court denied the motion on April 2, 2015. (*Id.* at 58-64; *United States V. Walton*, 2015 WL 1525702 (E.D. La. Apr. 2, 2015).).

Thereafter, Walton filed three separate motions with the sentencing court seeking a nineteen-month credit for time served in state custody. (*Id.* at 56-85). Initially, the sentencing court denied Walton's motion finding that the case upon which he relied, *United States v. Hankton*, 875 F.3d 786 (5th Cir. 2017), did not warrant the reduction Walton sought. (*Id.* at 86). In the second and third motions, the sentencing court found that none of the legal authority cited in his motion was applicable to his case. The court further concluded that, to the extent that he sough

credit for time served in state custody before the imposition of his federal sentence, the motions were properly construed as petitions pursuant to 28 U.S.C. § 2241, which must be file in the district of confinement, not the sentencing court. (*Id.* at 87-89).

On May 6, 2019, Walton filed a second § 2255 motion concerning issues which differ from the instant petition, which the sentencing court transferred to the Fifth Circuit for a decision concerning certification of a second § 2255 motion. (*Id.* at 90-127).

Walton filed the instant petition on June 14, 2019.

## II. DISCUSSION

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Respondent argues that the petition should be denied based on Walton's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 6, pp. 17, 18). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of*

*Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005)). The system first requires that an inmate present their complaint to

staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. (Doc. 6, p. 18, citing 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date on which was the basis of complaint occurred. (*Id.*, citing 28 C.F.R. § 542.14(a)). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (*Id.*, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Doc. 6, p. 18, citing 28 C.F.R. § 542.15(a)).

Since entering the custody of the Federal Bureau of Prisons ("BOP"), Walton has not pursued any administrative relief. (Doc. 6-2, p. 129, Declaration of Correctional Program Specialist Angela Kelly, ¶ 5). Walton does not dispute that he commenced the instant action without first exhausting the BOP's administrative remedy procedure. Because he has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust

administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Walton to invoke the judicial process despite failing to complete administrative review.

## III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241will be denied.

The Court will enter an appropriate Order.